UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. H-10-104 |
| V. | § § | |
| EDWARD BIRTS | § § | 18 U.S.C. § 2 |
| | § | 18 U.S.C. § 1349 |
| Defendant | § | 18 U.S.C. § 1347 |
| | § | 18 U.S.C. § 1028A |
| | § | |

## PLEA AGREEMENT

The United States of America, by and through José Angel Moreno, United States Attorney for Southern District of Texas, and Justo Mendez, Special Assistant United States Attorney, the defendant, **EDWARD BIRTS**, and the defendant's counsel, Richard Kuniansky, have entered into the following plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

### The Defendant's Agreement

1.     The defendant agrees to plead guilty to Counts One, Thirteen, and Fourteen of the Indictment. Count One of the Indictment charges the defendant with attempt and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. Count Thirteen of the Indictment charges the defendant with

1

knowingly and willfully executing and attempting to execute a scheme to defraud Medicaid, in violation of Title 18, United States Code, Section 1347. Count Fourteen of the Indictment charges the defendant with aggravated identity theft in connection to the execution of a scheme to defraud, in violation of Title 18, United States Code, Section 1028A. By entering this Agreement, the defendant waives any right to have the facts that the law makes essential to the punishment either charged in the Indictment, proved to a jury, or proven beyond a reasonable doubt.

## Punishment Range

2.     The statutory penalty for the violation of 18 U.S.C. §1349 in Count One, is up to ten (10) years imprisonment and a fine of up to $250,000. The statutory penalty for the violation of 18 U.S.C. §1347 in Count Thirteen, is up to ten (10) years imprisonment and a fine of up to $250,000. The statutory mandatory penalty for a violation of 18 U.S.C. §1028A in Count Fourteen, is a term of imprisonment of two (2) years, to run consecutively to any other term of imprisonment, and a fine of not more than $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three (3) years for Counts One and Thirteen, and not more than one (1) year for Count Fourteen. Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his

sentences, then the defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant understands that he cannot have the imposition or execution of the sentences suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100.00 per count of conviction, for a total of $300.00. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4. The defendant understands that under the *United States Sentencing Commission Guidelines Manual* (hereafter referred to as "*Sentencing Guidelines*" or "U.S.S.G."), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release, if any is ordered.

5. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay

payment.

6. The defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Furthermore, the defendant agrees to pay full restitution to the victims regardless of the counts of conviction.

## Waiver of Appeal

7. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. §3742. Additionally, the defendant is aware that 28 U.S.C. §2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to proceedings authorized by 28 U.S.C. §2255. If at any time the defendant instructs his attorney to file a notice of appeal on grounds other than those specified above, the United States will seek specific performance of this provision.

8.  In exchange for this Agreement with the United States, the defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed, in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.

9.  In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the *Sentencing Guidelines* that he may have received from his counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the *Sentencing Guidelines* are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, the defendant understands that, although the Court must consult the *Sentencing Guidelines* and must take them into account when sentencing him, the Court is bound neither to follow the *Sentencing Guidelines* nor to sentence the defendant within the guideline range calculated by use of the *Sentencing Guidelines*.

10. The defendant understands and agrees that each and all of his waivers contained in this Agreement are made in exchange for the corresponding concessions and undertakings to which this Agreement binds the United States.

### The United States' Agreements

11. The United States agrees to each of the following:

(a) If the defendant pleads guilty to Counts One, Thirteen, and Fourteen of the Indictment, and persists in that plea through sentencing, and if the Court accepts this Agreement, the United States will move to dismiss any remaining Counts of the Indictment at the time of sentencing.

(b) At the time of sentencing, the United States agrees not to oppose the defendant's anticipated request to the Court and the United States Probation Office that he receives a two (2) level downward adjustment pursuant to U.S.S.G. § 3E1.1(a), should the defendant accept responsibility, as contemplated by the *Sentencing Guidelines*.

(c) At the time of sentencing, the United States agrees not to oppose the defendant's anticipated request to the Court and the United States Probation Office that he receives a one (1) level downward adjustment pursuant to U.S.S.G. § 3E1.1(b), should the defendant accept responsibility in a timely manner, thereby permitting the government to avoid preparing for trial, as contemplated by the *Sentencing Guidelines*.

(d) At the time of sentencing, the United States agrees not to oppose the defendant's anticipated request to the Court for a sentence at the lower end of the applicable guideline.

(e) At the time of sentencing, the United States agrees not to seek an upward departure from the applicable guideline.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under the *Sentencing Guidelines*. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C.§ 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. The defendant is aware that the sentence will be imposed by the Court

after consideration of the *Sentencing Guidelines*, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). The defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable *Sentencing Guidelines*. The defendant understands and agrees that the parties' positions regarding the application of the *Sentencing Guidelines* do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, the defendant cannot, for that reason alone, withdraw a guilty plea, and he will remain bound to fulfill all of his obligations under this Agreement.

## Rights at Trial

14. The defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. The defendant understands that by entering into this Agreement, he surrenders certain rights as provided herein. The defendant understands that the rights of a defendant include the following:

(a) If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The

trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the Court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(c) At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15. Defendant **EDWARD BIRTS** will plead guilty because he is in fact guilty of the charges contained in Counts One, Thirteen, and Fourteen of the Indictment. In pleading guilty to these Counts, the defendant acknowledges the facts as stated below are true. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the defendant's guilt:

Medicaid and Medicare were "health care benefit programs" as defined by Title 18, United States Code, Section 24(b). Medicaid and Medicare permitted approved providers of health care services to submit claims on paper or electronically. Medicaid and Medicare required that the claims contained the following: the beneficiary's name and Medicaid or Medicare identification number; the name and unique provider identification number of the doctor who ordered the item or service; the item or service that was provided by the supplier; the date of service; and the charge for the item or service.

Beginning in or about January 2003, and continuing thereafter at least until September, 2006, in the Houston Division of the Southern District of Texas and elsewhere, defendant **EDWARD BIRTS** did knowingly, intentionally, and willfully combine, conspire, and agree with others known and unknown to commit, and aid and abet in the execution of a scheme to (1) defraud Medicaid and Medicare; and to (2) obtain, by means of material false and fraudulent pretenses, and representations, money and property owned by, or under the custody and control of Medicaid and Medicare; in connection with the delivery of and payment for health care services, specifically, psychiatric counseling services.

It was the purpose of the conspiracy to fraudulently obtain money from the Medicaid program by billing and causing the billing for psychiatric counseling services,

when, in fact, the services were not provided to the Medicaid beneficiaries; the defendant was not qualified or licensed to provide psychiatric counseling services; the defendant did not employ or contract with licensed mental health experts to provide counseling services to the Medicaid beneficiaries; and the Medicaid beneficiaries did not need or want the psychiatric counseling services.

As part of the conspiracy to defraud Medicare and Medicaid, **BIRTS** made materially false statements in his Medicare application and Medicaid Provider Enrollment Agreement by representing himself as a doctor in psychology (PhD), when in fact he was not. Next, **BIRTS** illegally exchanged with others, known and unknown, Medicaid beneficiaries' information, including names, addresses, and Medicaid numbers, which he would then use to file false claims. Specifically, on or about May 28, 2005, **BIRTS**, knowingly transferred, possessed, and used, without lawful authority, the personal identification information of Medicaid beneficiary "L.E."

**BIRTS** routinely billed Medicaid and Medicare for psychiatric counseling services provided by himself, as owner and operator of Courage to Change, Inc., when in fact, **EDWARD BIRTS** was not legally licensed, or even professionally qualified, as a psychiatrist, psychologist, or a counselor. Additionally, **BIRTS** routinely billed Medicaid and Medicare for psychiatric counseling services that he did not provide to the Medicaid beneficiaries when in fact, the Medicaid beneficiaries did not need or

11

want the psychiatric counseling, and he was not qualified to provide. Finally, **BIRTS** routinely billed Medicaid and Medicare for psychiatric counseling services provided by "Dr. R. B." on behalf of Courage to Change, Inc., when in fact, "Dr. R.B." did not provide the services, and he was neither employed or under contract by Courage to Change, Inc. Specifically, on or about October 14, 2006, **BIRTS** filed claim number 200623476921214 with Medicaid, for providing counseling services to a beneficiary identified as "A. E.", for the amount of $46.19. **BIRTS** filed the claim knowing that the services had not been rendered and that the claim was false.

Between in or about January 2003, and in or about September 2006, **BIRTS** filed claims with both Medicaid and Medicare totaling approximately $1,282,466.87. Defendant **BIRTS** received payments for those claims totaling approximately $968,583.58.

## Breach of Plea Agreement

16. If the defendant fails in any way to fulfill completely all of his obligations under this Agreement, the United States will be released from its obligations hereunder, and the defendant's plea and sentence will stand. If at any time the defendant retains, conceals, or disposes of assets in violation of this Agreement, or if the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may ask the Court to set aside his guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant,

whether prior to or subsequent to execution of this Agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

## Forfeiture

17. This Agreement is being entered into by the United States on the basis of **EDWARD BIRTS'** express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. The defendant agrees to forfeit whatever interest he may have in assets that are the proceeds of his execution of a scheme to defraud Medicaid and Medicare.

18. The defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. The defendant also agrees to direct any banks which have custody of the defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

19. This Agreement, consisting of seventeen (16) pages, together with the attached addendum signed by the defendant and his attorney, constitutes the complete plea agreement between the United States, the defendant, and his counsel. No promises

or representations have been made by the United States except as set forth in writing in this Agreement. The defendants acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20. Any modification of this Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on June 1, 2010.

_____
Edward Birts
Defendant


Subscribed and sworn to before me on June 1, 2010.


_____, Clerk
UNITED STATES DISTRICT CLERK


APPROVED:

    JOSÉ ANGEL MORENO
    United States Attorney

By:

_____                    _____
Justo Mendez                                                                  Richard Kuniansky
Special Assistant United States Attorney           Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| | § | CRIMINAL NO. H-10-104 |
| V. | § | |
| | § | 18 U.S.C. § 2 |
| EDWARD BIRTS | § | 18 U.S.C. § 1349 |
| | § | 18 U.S.C. § 1347 |
| Defendant | § | 18 U.S.C. § 1028A |

## ADDENDUM TO PLEA AGREEMENT

I have fully explained to the defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the *United States Sentencing Commission Guidelines Manual*, and I have fully and carefully explained to the defendant the provisions thereof which may apply in this case. I have also explained to the defendant that the *Sentencing Guidelines* are only advisory and the Court may sentence the defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of the Agreement with the defendant. To my knowledge, the defendant's decision to enter into the Agreement is an informed and voluntary one.

_____      _____
Richard Kuniansky                                              Date
Attorney

15

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the *United States Sentencing Commission Guidelines Manual* which may apply in my case. I have read and carefully reviewed every part of the Agreement with my attorney. I understand the Agreement, and I voluntarily agree to its terms.

_____  
Edward Birts  
Defendant

_6-1-10_____  
Date